United States District Court
Southern District of Texas
**ENTERED**
August 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HEATHER NEISEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00174 |
| | § | |
| NUECES COUNTY DISTRICT ATTORNEY'S OFFICE, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant's Motion to Dismiss, Plaintiff's Response and Defendant's Reply. (D.E. 5; D.E. 7 and D.E. 8). For the reasons stated below, the undersigned **RECOMMENDS** the Motion be **GRANTED** and this case be **DISMISSED**. (D.E. 5). Further, the undersigned also **RECOMMENDS** Plaintiff not be permitted to amend her complaint.[1]

I.   **BACKGROUND**

Plaintiff, a resident of Tennessee, is the mother of several minor children. Her ex-husband, Matthew Rohmfeld, has legal and physical custody of the children in Texas pursuant to a Tennessee state court child custody order. (Case No. 2:24-cv-185, D.E. 18,

---

[1] Plaintiff raises new claims in this case for the first time in her Response to the pending Motion to Dismiss and therefore, the Court is not required to consider them. However, the undersigned has addressed them in this M & R, treating her new claims as an amended pleading. Accordingly, the undersigned recommends Plaintiff not be permitted to amend her claims again.

D.E. 20 and D.E. 25). Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed several other cases before this Court against her ex-husband, Matthew Rohmfeld, and various government officials and entities, including Nueces County, the City of Corpus Christi, the Corpus Christi Police Department and the Texas Attorney General, raising claims challenging the validity and terms of the Tennessee state custody and child support order; alleging custodial interference and child abduction; alleging sabotage of her relationship with her minor children; challenging a charge against her for custodial interference alleging it was filed in retaliation for her reporting abuse and seeking assistance as well as for filing a complaint against a Corpus Christi police officer; and alleging certain authorities have failed to investigate and prosecute her ex-husband for alleged rapes or sexual assault, interference with child custody or other reported crimes. (Case Nos. 2:24-cv-88; 2:24-cv-149; 2:24-cv-185 and 2:25-cv-26). All of these cases were dismissed. In addition to the instant case, which was removed to this Court on July 3, 2025, Plaintiff has also recently filed another civil action in the Galveston Division of the Southern District of Texas asserting she has a parenting plan issued by a Tennessee state court and two Galveston police officers unlawfully removed her children from her custody during her legally designated parenting time. (Case No. 3:25-cv-147). Plaintiff alleges claims in that case for violations of the Fourth and Fourteenth Amendment, negligence, intentional infliction of emotional distress, municipal liability, violation of Texas statutes and abuse of power and malicious prosecution against the City of Galveston, two Galveston police officers and an assistant district attorney.

In this case, originally filed in state court on May 1, 2025, Plaintiff alleges her ex-husband unlawfully retained their minor children from June 1 to 9, 2024 and November 29 to December 1, 2024, in violation of the Tennessee state court child custody order. (D.E. 1-1, Page 6). Plaintiff alleges this constitutes felony custodial interference and states claims against the Nueces County District Attorney's Office and the Corpus Christi Police Department for "[t]heir failure to investigate, arrest or prosecute" her ex-husband asserting this violates Texas Penal Code § 25.03, Due Process and Equal Protection under the 14th Amendment and the Supremacy Clause. (D.E. 1-1, Page 6). Plaintiff requests a writ of mandamus compelling Defendants to investigate, arrest and file felony charges against her ex-husband and monetary damages totaling $500,000.00.[2] (D.E. 1-1, Page 7). In her Response to the pending Motion, Plaintiff recharacterizes her claim. Plaintiff asserts she "has not filed suit to compel prosecution of a third party, but to seek redress for direct harm caused by state actors" to herself for 1) "malicious and false felony prosecution based on fabricated or insufficient evidence;"[3] 2) "Unequal enforcement of custodial interference laws against her but not against the biological father; 3) Deliberate indifference to [her]

---

[2] Plaintiff has previously filed a case seeking mandamus or injunctive relief against Nueces County and CCPD on these same grounds which was dismissed by this Court in June 2025 with a finding that "this Court does not have the authority to mandate that state officials pursue a criminal investigation or criminal charges." (Case No. 2:25-cv-26, D.E. 12, Page 4 and D.E. 16). Further, while it has previously been determined that Plaintiff was free to seek relief on her claims for malicious prosecution, defamation, libel or slander in state court, Plaintiff's state court complaint contained federal law claims and therefore, the undersigned recommends this case was properly removed. (D.E. 1-1, Pages 6 and 21 and Case No. 2:24-cv-88, D.E. 20, Pages 17-18 and D.E. 22, Page 5).

[3] Plaintiff asserts the "charge [against her] was ultimately dismissed on May 5, 2023, for insufficient evidence." (D.E. 7, Page 1).

civil rights, ADA-protected disabilities, and her trauma history;" 4) "Systemic denial of access to the courts and protection under law." (D.E. 7, Page 1). Also in her Response, Plaintiff asserts her claims arise under 42 U.S.C. § 1983 as "[t]he Fifth Circuit has repeatedly held that victims of discriminatory or retaliatory enforcement may bring claims under 42 U.S.C. § 1983." (D.E. 7, Page 2). Plaintiff asserts she has standing "to challenge retaliatory prosecution and disability discrimination," she has stated plausible claims for wrongful prosecution and "disability-based denial of access to court, accommodations, and police protections," and prosecutorial immunity does not apply. (D.E. 7, Pages 2-3). For the reasons stated below, the undersigned recommends Defendant's Motion to Dismiss be granted and Plaintiff's case be dismissed.

II.     **RELEVANT LEGAL STANDARDS**

    A.  **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id.* at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Under Rule 8(a)(2), plaintiffs are not required to include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is needed. *Iqbal*, 556 U.S. at 678. "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief above the

speculative level.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (citing *Twombly*, 550 U.S. at 555).

### B.  42 U.S.C. § 1983

Section 1983 provides a private right of action against parties acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" to redress the deprivation of rights secured by the United States Constitution or federal law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (citing 42 U.S.C. § 1983). As such, to state a claim under § 1983, a plaintiff must demonstrate: (1) a violation of the United States Constitution or a federal law; (2) and that the violation was committed by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A person for these purposes includes a local governing body or municipality if the action claimed to be unconstitutional was implemented by a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by" that body's officers. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 659 (1978) (Local governments may also be sued for constitutional deprivations pursuant to a custom even if that custom has not received formal approval). However, a municipality cannot be held liable under § 1983 on a theory of *respondeat superior*. *Id.* Rather, a municipality can be subjected to civil liability "only if the alleged constitutional violations are 'directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability.'" *Robinson v. Hunt Cty., Tex.*, 921 F.3d 440, 449 (5th Cir. 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.

2001)). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (citing *Monell*, 436 U.S. at 694). These three principles "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id*. "While an unconstitutional official policy renders a municipality culpable under § 1983, even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result. *Id*. (citation omitted); *Balle v. Nueces Cty.*, 952 F.3d 552, 557-58 (5th Cir. 2017) (citations omitted). "Importantly, to adequately plead a policy or custom, the specific policy must be identified; it may not be inferred 'merely because harm resulted from some interaction with a governmental entity.'" *Kibbey*, 2023 WL 2598666, at * 3 (citing *Ratliff v. Aransas Cty.*, 948 F.3d 281, 285 (5th Cir. 2020) (To adequately plead a custom or policy, plaintiffs must do more than describe an incident giving rise to injury) (other citations omitted).

### III.  DISCUSSION

The majority of Plaintiff's claims have been previously raised and dismissed by this Court as discussed below. Some of Plaintiff's claims were dismissed with prejudice and are therefore barred by *res judicata*. However, as Plaintiff is proceeding *pro se* and her factual allegations are conclusory and sparse, the undersigned has considered Plaintiff's claims in their entirety while also viewing them in relation to this Court's prior decisions,

construing her allegations liberally in her favor. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

It is clear from Plaintiff's response that Plaintiff has now abandoned her claim for failing to investigate and to prosecute her ex-husband as she specifically states she "has not filed suit to compel prosecution of a third party." (D.E. 7, Page 1). Even if Plaintiff had not abandoned these claims, as this Court has previously ruled, "Plaintiff does not have a constitutional right to have someone else prosecuted, so any failure to prosecute [her ex-husband] does not amount to a violation of Plaintiff's constitutional rights." (Case No. 2:24-cv-88, D.E. 20, Page 9 and D.E. 22, Pages 2-3); *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021) (Finding "a crime victim may not challenge a prosecutor's failure to investigate or prosecute her perpetrator.") Further, Plaintiff's request in a separate case for mandamus or injunctive relief has similarly been denied with a finding that state officials cannot be mandated by this Court to pursue criminal investigation or criminal charges against her ex-husband. (Case No. 2:25-cv-26, D.E. 12, Page 4 and D.E. 16). Therefore, the undersigned recommends Plaintiff has abandoned her claims for any alleged failure to investigate and to prosecute her ex-husband and, alternatively, that she has again not stated a plausible claim.

Similarly, Plaintiff previously raised a claim alleging she was falsely charged with custodial interference in 2023. (Case No. 2:24-cv-88, D.E. 20, Pages 11-12). This Court held "immunity shields the district attorney and any prosecutor who participated in the bringing of a criminal case against Plaintiff." (Case No. 2:24-cv-88, D.E. 22, Page 12 and

D.E. 22, Pages 3-4). Further, this Court also previously dismissed Plaintiff's § 1983 malicious prosecution claims under both the Fourth and Fourteenth Amendment. (Case No. 2:24-cv-88, D.E. 20, Pages 13-14 and D.E. 22, Page 3). Additionally, this Court determined "Plaintiff cannot bring a retaliation claim under § 1983 because she does not allege specific retaliatory actions by supervisory officials." (Case No. 2:24-cv-88, D.E. 20, Page 15 and D.E. 22, Page 3). Plaintiff's § 1983 claims here should be dismissed again for the reasons stated in the Court's previous decision. Further, Plaintiff's conclusory references to the Americans with Disability Act do not change this Court's prior dismissals. Plaintiff has failed to plead with any specificity what her disability is and how she was "excluded from participation in, or denied benefits of, services, programs, or activities on account of [her] disability." *Williams v. Bowie Cty.*, 718 F. App'x 310, 311 (5th Cir. 2018). Therefore, Plaintiff's claims for purported violations of the ADA should also be dismissed.

## IV. OTHER CLAIMS NOT ADDRESSED IN THIS MEMORANDUM

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)). *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time requiring compliance with applicable pleading standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified, understood, or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Plaintiff is advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

Additionally, Defendant asserts in the Motion to Dismiss that this Court should exercise supplemental jurisdiction over Plaintiff's state law claims, without addressing what state law claims actually remain. (D.E. 5, Page 6-7). Rather, Plaintiff states in her Response that her claims "are grounded in violations of clearly established constitutional rights and federal disability law." (D.E. 7, Page 1). Therefore, the undersigned is unclear if Plaintiff asserts any state law claims as she recharacterized her claims in her Response

to Defendant's Motion, which the undersigned treats as an amended complaint. Accordingly, the undersigned recommends Plaintiff's case be dismissed in its entirety.

## V. AMENDMENT

"District courts have wide latitude to consider requests for leave to amend." *Travis v. City of Grand Prairie, Tex.*, 654 F. App'x 161, 167 (5th Cir. 2016). Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." However, leave to amend may be denied for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…, [or] futility of amendment…" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016) (citations omitted). As discussed above, Plaintiff has submitted these same arguments to the Court in several cases, all of which have been dismissed. Further, the undersigned has construed Plaintiff's Response, which recharacterized her claims, as an amended pleading. Accordingly, the undersigned recommends Plaintiff has pleaded her best case and the record does not support allowing further amendment.

## VI. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** the Motion be **GRANTED** and this case be **DISMISSED**. (D.E. 5). Further, the undersigned also **RECOMMENDS** Plaintiff not be permitted to amend her complaint.

Plaintiff is cautioned that if she continues to file frivolous previously adjudicated claims or any frivolous lawsuits, she may face sanctions. Sanctions may include monetary

sanctions and filing restrictions, such as prohibiting her from filing any civil actions in this District without paying the required filing fee or obtaining prior authorization from a district or magistrate judge.

Respectfully submitted on August 27, 2025.

                                      Jason B. Libby
                             United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).